1 | Christopher J. Yost (Bar No. 150785)
2 | **FEDERAL EXPRESS CORPORATION**
3 | 2601 Main Street, Suite 340
   | Irvine, CA 92614
4 | TEL: (949) 862-4656
   | FAX: (949) 862-4605
5 | Email: cjyost@fedex.com

6 | **Attorneys for Defendants**

7 | **FEDERAL EXPRESS CORPORATION,**
8 | Incorrectly sued as FedEx Corp.

E-filing

9 | 
10 | **UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Sevan Minasian, | CASE NO. |
| Plaintiff, | |
| v. | **DEFENDANTS' NOTICE OF REMOVAL** |
| FEDEX CORPORATION, its agents and employees; and DOES 1 through 20, inclusive, | |
| Defendants. | Complaint Filed: April 2, 2008 |

PLEASE TAKE NOTICE that defendant Federal Express Corporation, wrongly sued as FedEx Corporation and its Agents and Employees, and Does 1 through 20, inclusive, ("FedEx") hereby files its Notice of Removal under 28 U.S.C. § 1441, to effect removal of this matter which was commenced in the Superior Court of California, County of San Francisco, under Case No.: CGC 08-473808. Removal is proper for the following reasons:

1.     On April 2, 2008, Plaintiff filed this action in the Superior Court

of California, County of San Francisco, under Case No.: CGC 08-473808. FedEx's records indicate that it first received notice of this action on April 21, 2008, when it was served with process through its registered agent for service of process, CT Corporation, and thirty days since such notice have not yet expired.

2.    Accepting the facts as plaintiff has alleged, the shipment at issue was carried by Federal Express Corporation ("FedEx Express").    FedEx Corporation had no involvement in this shipment and should be dismissed.

3.    Removal to federal court is proper.

4.    The United States District Courts have original jurisdiction by reason of federal question jurisdiction, 28 U.S.C. § 1331.

5.    The claims asserted by the plaintiff in his Complaint, and the liability of FedEx, if any, are governed by principles of federal common law applicable to shipments made in interstate commerce by a federally certified air carrier such as FedEx. As such, this Court has original jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331, and this civil action may be removed pursuant to 28 U.S.C. § 1441(b). Treiber & Straub, Inc. v. United Parcel Service, 474 F.3d 379 (7th Cir. 2007)("a claim for lost or damaged goods transported by a common air carrier arises under federal common law and thus falls within the district court's federal question jurisdiction"); Sam L. Majors Jewelers v. ABX, Inc., 117 F.3d 922 (5th Cir.

1997); <u>McCall-Thomas Eng'g Co. v. Federal Express Corp.</u>, 81 F.2d 28 (4th Cir. 1996) ("Claims involving shipments in interstate commerce by air carriers are governed by federal law."); *see also*: <u>Diero v. American Airlines, Inc.</u>, 816 F.2d 1360 (9th Cir. 1987); <u>First Pennsylvania Bank, N.A. v. Eastern Airlines, Inc.</u>, 731 F.2d 1113 (3d Cir. 1984); <u>North American Phillips Corp. v. Emery Air Freight Corp.</u>, 579 F.2d 229 (2d Cir. 1978).

6.   Attached hereto as Exhibit "A," is a true and correct copy of all pleadings and process filed in this action in the Superior Court of California, County of San Francisco, under Case No.: CGC 08-473808.  A notice of filing of this Notice of Removal is being concurrently filed with the Circuit Court of Superior Court of California, County of San Francisco.

WHEREFORE, defendants pray that this civil action be removed to this Court from the Superior Court of California, County of San Francisco.

DATED:  May 21, 2008        By:

CHRISTOPHER J. YOST, ESQ.
**FEDERAL EXPRESS CORPORATION**
Attorneys for Defendants

732201

**EXHIBIT A**

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>SEAN F. McCLOSKEY, SBN#139604<br>111 Santa Rosa Avenue, Ste. 406<br>Santa Rosa, CA    95404 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:  (707) 546-4166    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:  Plaintiff, SEVAN MINASIAN | *ENDORSED*<br>*FILED*<br>Superior Court of California<br>County of San Francisco<br>APR 9 2008<br>GORDON PARK-LI, Clerk<br>BY: _____<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street 400 McALLISTER STREET RM 103
MAILING ADDRESS: SAN FRANCISCO, CA 94102
CITY AND ZIP CODE: Santa Rosa, CA  95404
BRANCH NAME:

PLAINTIFF:  SEVAN MINASIAN

DEFENDANT: FEDEX CORPORATION and its Agents and
Employees, and

[✓] DOES 1 TO 20, inclusive.

| CONTRACT | |
|---|---|
| [✓] COMPLAINT | [ ] AMENDED COMPLAINT *(Number)*: |
| [ ] CROSS-COMPLAINT | [ ] AMENDED CROSS-COMPLAINT *(Number)*: |

| | |
|---|---|
| **Jurisdiction** *(check all that apply)*:<br>[ ] **ACTION IS A LIMITED CIVIL CASE**<br>Amount demanded [ ] does not exceed $10,000<br>[ ] exceeds $10,000 but does not exceed $25,000<br>[✓] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**<br>[ ] **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint<br>[ ] from limited to unlimited<br>[ ] from unlimited to limited | CASE NUMBER:<br>CGC 08 - 473808 |

*CASE MANAGEMENT CONFERENCE SET*
*SEP 5 2008 - 9:00 AM*
*DEPARTMENT 212*

1.  **Plaintiff*** *(name or names)*:
    SEVAN MINASIAN

    alleges causes of action against **defendant*** *(name or names)*:
    FEDEX CORPORATION and its Agents and Employees
2.  This pleading, including attachments and exhibits, consists of the following number of pages:
3.  a. Each plaintiff named above is a competent adult
       [ ] **except** plaintiff *(name)*:
          (1) [ ] a corporation qualified to do business in California
          (2) [ ] an unincorporated entity *(describe)*:
          (3) [ ] other *(specify)*:

    b. [ ] Plaintiff *(name)*:
       a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify)*:

       b. [ ] has complied with all licensing requirements as a licensed *(specify)*:
    c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4.  a. Each defendant named above is a natural person
       [✓] **except** defendant *(name)*: FEDEX Corporation          [ ] **except** defendant *(name)*:
          (1) [ ] a business organization, form unknown         (1) [ ] a business organization, form unknown
          (2) [✓] a corporation                                 (2) [ ] a corporation
          (3) [ ] an unincorporated entity *(describe)*:        (3) [ ] an unincorporated entity *(describe)*:

          (4) [ ] a public entity *(describe)*:                 (4) [ ] a public entity *(describe)*:

          (5) [ ] other *(specify)*:                            (5) [ ] other *(specify)*:

\* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-C-001 [Rev. January 1, 2007] | **COMPLAINT—Contract** | Code of Civil Procedure, § 425.12<br><br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

PLD-C-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| SEVAN MINASIAN v. FEDEX CORPORATION et al. | |

4. *(Continued)*
  b. The true names of defendants sued as Does are unknown to plaintiff.
    (1) ☑ Doe defendants *(specify Doe numbers):* 1 through 10 _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
    (2) ☑ Doe defendants *(specify Doe numbers):* 11 through 20 _____ are persons whose capacities are unknown to plaintiff.
  c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
  d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, **and**
  a. ☐ has complied with applicable claims statutes, *or*
  b. ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.
7. This court is the proper court because
  a. ☑ a defendant entered into the contract here.
  b. ☐ a defendant lived here when the contract was entered into.
  c. ☐ a defendant lives here now.
  d. ☐ the contract was to be performed here.
  e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
  f. ☐ real property that is the subject of this action is located here.
  g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
  ☑ Breach of Contract
  ☐ Common Counts
  ☑ Other *(specify):*
    Negligent Misrepresentation, Intentional Misrepresentation (Fraud), Violation of Business and

9. ☐ Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
  a. ☑ damages of: $ 40,000.00
  b. ☑ interest on the damages
    (1) ☑ according to proof
    (2) ☐ at the rate of *(specify):* _____ percent per year from *(date):*
  c. ☑ attorney's fees
    (1) ☐ of: $
    (2) ☑ according to proof.
  d. ☑ other *(specify):*
    For punitive damages and damages pursuant to Business & Professions Code Section 17200

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: March 21, 2008

SEAN F. McCLOSKEY, SBN#139604
(TYPE OR PRINT NAME)
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(1)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| SEVAN MINASIAN v. FEDEX CORPORATION | |

FIRST _____ **CAUSE OF ACTION—Breach of Contract**
    (number)

ATTACHMENT TO    [✓] Complaint    [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1.  Plaintiff *(name)*:   SEVAN MINASIAN

   alleges that on or about *(date)*:   1/21/2006

   a  [✓] written    [ ] oral    [ ] other *(specify)*:
   agreement was made between *(name parties to agreement)*:
   SEVAN MINASIAN and FEDEX CORPORATION
   [ ]   A copy of the agreement is attached as Exhibit A, or
   [✓]   The essential terms of the agreement    [ ] are stated in Attachment BC-1    [✓] are as follows *(specify)*:

   That Defendant FEDEX would ship 72 collectible vintage posters to Swann Galleries in New
   York. The posters were insured by FEDEX for $100,000.00. (Please see the FEDEX shipping
   Receipt/Contract attached as EXHIBIT "1" hereto, wherein the employee had written in under
   "Total Declared Value" $100,000.00 then crossed it out and wrote $50,000.00)   Plaintiff's part
   of the contract was to provide the posters to be shipped and pay shipping and insurance, which

BC-2.  On or about *(dates)*:  1/21/2006 through 3/26/2008
   defendant breached the agreement by    [✓] the acts specified in Attachment BC-2    [ ] the following acts
   *(specify)*:

BC-3.  Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
   excused from performing.

BC-4.  Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
   [ ] as stated in Attachment BC-4    [✓] as follows *(specify)*:
   $40,000.00; which includes compensation for the seven posters which were completely
   removed, stolen and/or lost from the FEDEX tube and repair of the remaining damaged posters
   that were eventually located and shipped on to Swann Galleries; for attorney fees and costs; for
   interest on the damages and for punitive damages and damages for violation of Business &
   Professions Code Section 17200.

BC-5.  [✓]  Plaintiff is entitled to attorney fees by an agreement or a statute
   [ ] of $
   [✓] according to proof.

BC-6.  [ ]  Other:

Page  3

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION—Breach of Contract**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-C-001(3)

| SHORT TITLE:<br>MINASIAN v. FEDEX CORPORATION and Does 1 through 20 | CASE NUMBER: |
|---|---|

SECOND                    **CAUSE OF ACTION—Fraud**

(number)

ATTACHMENT TO  ☑ Complaint  ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR-1. Plaintiff *(name):*  SEVAN MINASIAN

    alleges that defendant *(name):*  FEDEX CORPORATION and its Agents and Employees

    on or about *(date):* 1/21-2006 to 3/26/08      defrauded plaintiff as follows:

FR-2. ☑  **Intentional or Negligent Misrepresentation**
    a. Defendant made representations of material fact  ☐ as stated in Attachment FR-2.a  ☑ as follows:

        That Defendant would insure for damages for the value of the vintage posters being shipped, ($100,000.00) and safely ship, 72 valuable vintage posters to Swann Galleries in New York.

    b. These representations were in fact false. The truth was  ☐ as stated in Attachment FR-2.b  ☑ as follows:

        The vintage posters were all removed from the sealed container (tube), (which was sealed with plastic end caps and heavy duty tape, which had to be cut off) by an employee of FEDEX. Then a portion of them (65), were returned to the container and sent on to Swann Galleries, weeks later, minus seven valuable posters.  The remaining 65 posters were all damaged and the estimate to restore them to sale status is approximately $200.00 per poster.

    c. When defendant made the representations,
        ☑ defendant knew they were false, **or**
        ☐ defendant had no reasonable ground for believing the representations were true.

    d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described in item FIR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. ☑  **Concealment**
    a. Defendant concealed or suppressed material facts  ☐ as stated in Attachment FR-3.a  ☑ as follows:

        That one of their own agents and employees removed the posters from the mailing container, taking and keeping the most valuable posters, damaging the remaining posters in stuffing them

    b. Defendant concealed or suppressed material facts
        ☐ defendant was bound to disclose.
        ☑ by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed or suppressed facts.

    c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act as described in item IFIR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed facts and would not have taken the action if plaintiff had known the facts.

Page _____ 4

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Fraud**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-C-001(3)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MINASIAN v. FEDEX CORPORATION and Does 1 through 20 | |

SECOND _____                    **CAUSE OF ACTION---Fraud**
    (number)

FR-4. [✓]  **Promise Without Intent to Perform**
    a. Defendant made a promise about a material matter without any intention of performing it [    ] as stated
    in Attachment FR-4.a [✓] as follows:

> That Defendant would insure for damages for the value of the vintage posters being shipped,
> ($100,000) and safely ship, 72 valuable vintage posters to Swann Galleries in New York.
> (Please see attached contract/shipping Order as EXHIBIT "1" hereto).

    b. Defendant's promise without any intention of performance was made with the intent to defraud and induce
    plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of
    defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5. In justifiable reliance upon defendant's conduct, plaintiff was induced to act [    ] as stated in Attachment FR-5
    [✓] as follows:

Plaintiff was induced to ship the 72 valuable vintage posters with Defendant FEDEX Corporation,
believing them to be insured for their full value, should any damages or losses occur during shipping
to Swann Galleries in New York.   Defendant agent and employee of FEDEX represented to Plaintiff
that the contents were fully insured for the value, and in fact, on the shipping order receipt given to
Plaintiff,  the FEDEX employee had written in $100,000.00 in value, crossed it out and wrote in
$50,000.00 (Please see as EXHIBIT "1" hereto).
Had Plaintiff known that FEDEX would later claim that the contents were not insured for the full
value of the contents, once the contents had been damaged and 7 of the posters stolen/lost altogether,
He would have flown to New York himself with the posters, to ensure their safe delivery to Swann
Galleries, due to the value of the vintage posters.

FR-6. Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged [    ] as stated in
    Attachment FR-6 [✓] as follows:

$40,000.00 in loss and damages to the posters; Attorney fees and costs, punitive damages and daily
damages accruing pursuant to the language of California Business and Professions Code Section
17200 for unfair business practices.

FIR - 7.  Other:

Page    5

## FOUORTH  CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES
## (Business and Professions Code Section 17200)
## (All Defendants)

**BP-1**

BP-1:  Plaintiff repeats and re-alleges paragraphs 1 through
11, paragraphs BC-1 through BC-6 and FR-1-FR-6 of this Complaint, incorporating
them herein by reference as though set forth in full.

BP-2:  Defendants and each of them, engaged in and continue with a pattern
of engaging in, unfair business practices, in violation of California Business and
Professions Code Section 17200, in their dealings with Plaintiff and members of the
public, wherein Defendants assured Plaintiff and other members of the public,
that the contents of their packages were insured for the full value of the materials
being shipped, then upon loss or damage to the package, refuse to adequately
compensate Plaintiff for the loss and damage to the contents.
and other members of the public.

BP-3:  Plaintiff was damaged by Defendants' unfair business
practices and must be compensated at the daily damages rate, pursuant to the
terms of California Business and Professions Code Section 17200, in order to deter
Defendants from defrauding other members of the public and businesses.

854 9099 1021

**edEx Kinko's**
ice and Print Center

(415) 441-2222

127 Kearney St
SAN FRANCISCO, CA 94108
781-1871

ZIP 94109

on:        SFOKN
ID:        SFOKN-POS2
ee:        567183
ction:     610064980434

512 354 4710

SS SAVER
9091021   18.00 lb (M)     $297.95
eclared Value  $50000

Free

Shipment subtotal:   $297.95          ZIP  10010

Total Due:   $297.95

(V) CreditCard:   $297.95
*************62909

H = Weight entered manually
S = Weight read from scale
I = Taxable item

to additional charges. See FedEx Service Guide
.com for details. All merchandise sales final.

Visit us at: fedex.com
Or call 1.800.GoFedEx
1.800.453.3339

January 21, 2006 5:11:24 PM

4a  Express Package Service
    ☐ FedEx Priority Overnight
    ☐ FedEx Standard Overnight
    ☐ FedEx First Overnight
    ☐ FedEx 2Day
    ☐ FedEx Express Saver

4b  Express Freight Service
    ☐ FedEx 1Day Freight
    ☐ FedEx 2Day Freight
    ☑ FedEx 3Day Freight

5  Packaging
    ☐ FedEx Envelope  ☐ FedEx Pak  ☐ FedEx Box  ☐ FedEx Tube  ☐ Other

6  Special Handling
    ☐ SATURDAY Delivery
    ☐ HOLD Weekday
    ☐ HOLD Saturday
    Does this shipment contain dangerous goods?
    ☐ No  ☐ Yes  ☐ Yes  ☐ Dry Ice  ☐ Cargo Aircraft Only

7  Payment  Bill to:
    ☑ Sender  ☐ Recipient  ☐ Third Party  ☐ Credit Card  ☐ Cash/Check

    Total Packages    Total Weight  18    Total Declared Value  50.00  $50,000.00

8  NEW  Residential Delivery Signature Options
    ☐ No Signature Required  ☐ Direct Signature  ☐ Indirect Signature

    520

**EXHIBIT  1**

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
04/28/2008
CT Log Number 513364812

||||||||||||||||||||||||||||||||||||||||||||||||

**RECEIVED**

APR 2 9 2008

LITIGATION/
SUBPOENA GROUP

TO:     Tracey Ferrara
        Federal Express Corporation
        3620 Hacks Cross Road, Third Floor
        Building B
        Memphis, TN 38125-

RE:     **Process Served in California**

FOR:    FedEx Corporation (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| TITLE OF ACTION: | Sevan Minasian, Pltf. vs. Fedex Corporation, et al., Dfts. |
| DOCUMENT(S) SERVED: | Summons, Complaint, Exhibit(s) |
| COURT/AGENCY: | San Francisco County- San Francisco, Superior Court, CA<br>Case # CGC08473808 |
| NATURE OF ACTION: | Breach of Contract - Failure to insure for damages for the value of the vintage posters being shipped |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Los Angeles, CA |
| DATE AND HOUR OF SERVICE: | By Process Server on 04/28/2008 at 14:48 |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service |
| ATTORNEY(S) / SENDER(S): | Sean F. McCloskey<br>111 Santa Rosa Ave<br>Suite 406<br>Santa Rosa, CA 95404<br>707 546 4166 |
| ACTION ITEMS: | SOP Papers with Transmittal, via  Fed Ex Priority Overnight , 790994520674<br>Image SOP - Page(s): 9<br>Email Notification, Dwayne S Byrd dsbyrd@fedex.com<br>Email Notification, Cynthia Collins cjcollins@fedex.com |
| SIGNED:<br>PER:<br>ADDRESS:<br><br>TELEPHONE: | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

RECEIVED

APR 2 9 2008

Cynthia J. Collins
Managing Director  Litigation

CC/MWH

Page 1 of 1

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FEDEX CORPORATION and its Agents and Employees and ~~DO~~
~~TO~~     20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SEVAN MINASIAN



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

RECEIVED
APR 28 2008
LITIGATION
SUBPOENA GROUP

4/28/08 @
2:48 PM

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
    *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Francisco County Superior Court, 400 McAllister Street, San Francisco, CA  94102 | CASE NUMBER<br>*(Número del Caso):*<br>**08 - 473808** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
SEAN F. McCLOSKEY, SBN#139604, 111 Santa Rosa Avenue, Ste. 406, Santa Rosa, CA  95404  (707) 546-4166

| DATE: **APR 2 - 2008** | GORDON PARK-LI Clerk, by **CRISTINA E. BAUTISTA** | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Fedex corporation
   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 4/28/08

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. | www.USCourtForms.com

1  Christopher J. Yost (Bar No. 150785)
2  **FEDERAL EXPRESS CORPORATION**
   2601 Main Street, Suite 340
3  Irvine, CA 92614
   TEL: (949) 862-4656
4  FAX: (949) 862-4605
   Email: cjyost@fedex.com
5

6  **Attorneys for Defendants**

7  **FEDERAL EXPRESS CORPORATION,**

8  Incorrectly sued as FedEx Corp.

9

10

11          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                 **FOR THE COUNTY OF SAN FRANCISCO**

12

13  **SEVAN MINASIAN,**                 )     **Case No. CGC 08-473808**
                                        )
14          **Plaintiff,**              )
                                        )
15                                      )     **ANSWER OF DEFENDANT**
                                        )     **FEDERAL EXPRESS**
16                                      )     **CORPORATION**
    **vs.**                            )
17                                      )
                                        )
18  **FEDEX CORPORATION,**              )
    **and its Agents and Employees**    )     **Complaint Filed: 4-2-2008**
19                                      )
            **Defendant,**              )
20

21                  <u>**ANSWER AND GENERAL DENIAL**</u>

22          Defendant Federal Express Corporation, d/b/a FedEx Express, and its agents and

23  employees ("FedEx"), incorrectly sued as FedEx Corporation, submits its Answer and

24  Affirmative Defenses to the Complaint of Plaintiff Sevan Minasian, ("Plaintiff") as follows:

25          Pursuant to the provisions of Section 431.30(d) of the California Code of Civil

26  Procedure, FedEx denies generally and specifically each paragraph of the Complaint, and

27  specifically denies that Plaintiff has sustained any damages in any sum or sums alleged, or in any

28

sum at all, and further denies that Plaintiff is entitled to any other form or type of relief whatsoever against FedEx.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim or cause of action upon which any relief can or could be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims as alleged and purported causes of action are barred and/or are limited by the contract of carriage evidenced by the language found in and on the International Air Waybill accompanying the shipment and by the terms and conditions of the applicable FedEx Service Guide incorporated therein by reference.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims as alleged and purported causes of action are barred and/or are limited by their own actions, negligence, or omissions, and/or the actions, negligence, or omissions of third-parties over whom FedEx has and/or had no control.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims as alleged and purported causes of action are barred and/or are limited by their own breaches of contract, and/or the breaches of contract of their agents, employees, or representatives.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims as alleged and purported causes of action are barred and/or are limited by their own assumptions of risk, and/or the assumptions of risk by their agents, employees, or representatives.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims as alleged and purported causes of action are barred and/or are limited by their own failures to comply with the terms and conditions of the contract for carriage, and The Montreal Convention of 1999.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims as alleged and purported causes of action are preempted by federal law, including *inter alia*, the Airline Deregulation Act, 49 U.S.C. § 41713.

### EIGHTH AFFIRMATIVE DEFENSE

FedEx reserves herein unto itself, the right to assert, and option of asserting, additional Affirmative Defenses as necessitated by any additional facts and/or information adduced and/or provided hereafter in this action.

Dated:  This, the 21st day of May, 2008.

Respectfully submitted,

Federal Express Corporation

CHRISTOPHER YOST
**FEDERAL EXPRESS CORPORATION**
Attorneys for Defendants

3

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California  92614.

On May 21, 2008, I served the within document(s):

**ANSWER OF DEFENDANT FEDERAL EXPRESS CORPORATION**

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

☐  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.

☐  by arranging with O.C. Corporate Courier Service  to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

☒  by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614 in accordance with Federal Express Corporation's ordinary business practices.

**Sean F. McClosky, Esquire**
**Attorneys for Plaintiff**
**111 Santa Rosa Ave., Suite 406**
**Santa Rosa, California 95404**

☒  *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐  *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 21, 2008, at Irvine, California.

_____
Renee K. Aven

732221

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California  92614.

On May 21, 2008,  I served the within document(s):

### DEFENDANTS' NOTICE OF REMOVAL

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.

☐ by arranging with O.C. Corporate Courier Attorney Service  to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California  92614, in accordance with Federal Express Corporation's ordinary business practices.

Sean F. McClosky, Esquire
Attorneys for Plaintiff
111 Santa Rosa Ave.
Suite 406
Santa Rosa, California 95404

☐ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 21, 2008, at Irvine, California.

Renee K. Aven

4